# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**FRIEND DAUGHERTY,**

              **Plaintiff,**

-vs-                                        Case No. 6:12-cv-44-Orl-18GJK

**S.D. CONSTRUCTORS, INC.,**
**STEVEN DURBIN,**

              **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 15)** |
| **FILED:** | **March 27, 2012** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

## I. BACKGROUND.

On January 11, 2012, Friend Daugherty (the "Plaintiff") filed a complaint (the "Complaint") against S.D. Constructors, Inc. ("SD") and Steven Durbin ("Durbin") (collectively, the "Defendants") alleging willful violations of the overtime and minimum wage provisions of the Fair Labor Standards Act (the "FLSA"). Doc. No. 1. On January 16, 2012, Plaintiff served Defendants with summons and copies of the Complaint. Doc. Nos. 4-5. Defendant failed to respond and, on February 23, 2012, the Clerk entered default against the Defendants. Doc. No.

11.

On March 27, 2012, Plaintiff filed a Motion for Entry of Default Final Judgment (the "Motion"). Doc. No. 15. The Motion seeks a judgment against Defendants for a total amount of $28,430.00, representing $13,635.00 in unpaid overtime compensation plus an equal amount of liquidated damages, $580.00 in unpaid minimum wages plus an equal amount of liquidated damages, and $460.00 in costs for the filing fee and service of process costs. Doc. No. 15 at 4-6. Plaintiff attaches an affidavit wherein he calculates the precise amount of unpaid overtime wages, minimum wages, and liquidated damages owed by Defendants. Doc. No. 15-1. Plaintiffs served Defendants with the Motion, but the Defendants failed to file any opposition to the Motion.

## II. ANALYSIS.

### A. Sufficiency of Complaint.

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 206 (5th Cir. 1975).[1] A default judgment may be entered only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu*, 515 F.2d at 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, a court must examine the sufficiency of the allegations in the complaint to determine whether a default judgment is warranted. *Kwasnik v. Charlee Family Care Services of Central Florida*, Case No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809 at *3 (M.D. Fla. Jun. 9, 2009) (citing *Fid. & Deposit Co. v. Williams*, 699 F.Supp. 897, 899 (N.D. Ga. 1988)).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

"While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly,* 550 U.S. at 555. A plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim. *Id.* "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

In *De Lotta v. Dezenzo's Italian Restaurant, Inc.*, Case No. 6:08-cv-2033-Orl-22KRS, Doc. No. 32, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009), the Honorable District Court Judge Anne C. Conway, stated:

> [T]o establish a claim under the FLSA for unpaid overtime compensation, a plaintiff must allege facts and not mere conclusions of law. The complaint must contain facts showing the plaintiff is within the terms of the Act, which requires a sufficient allegation of facts showing the plaintiff is engaged in or is employed in an enterprise engaged in commerce or the production of goods for commerce.

*Id*. (citing 29 U.S.C. § 207(a)(1)). Thus, "[t]o establish jurisdiction for an overtime violation under the FLSA, an employee must show either: '(i) that the employee was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage) or (ii) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage).'" *De Lotta*, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009) (quoting *Williams v. Signature Pools & Spas, Inc.*, 615 F.Supp.2d. 1374, 1378 (S.D. Fla. 2009)).

In this case, Plaintiff only alleges enterprise coverage under the FLSA. Doc. No. 1 at 2. Enterprise coverage applies where:

> (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and (2) the employer's annual gross volume of sales is $500,000 or more.

*Dent v. Giaimo*, 606 F.Supp.2d 1357, 1360 (S.D.Fla.2009) (citing 29 U.S.C. § 203(s)(1)(A); 29 C.F.R. § 779.238)). *See also, Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 303 Fed.Appx. 802, 805 (11th Cir. 2008) ("[I]t is clear from the language of the statute that, for enterprise coverage under the FLSA to apply, the enterprise must be engaged in commerce under the statute *and* must gross over $500,000 annually.") (emphasis in original) (citing 29 U.S.C. § 203(s)(1)(A)(i)-(ii)).[2] A court "cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." *De Lotta*, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009) (citing *Sandoval*, 303 Fed.Appx. at 805).

In the Complaint, Plaintiff alleges that at all relevant times SD "earned more than $500,000.00 per year in gross sales." Doc. No. 1 at 2. Plaintiff also alleges that SD "employed at least two employees engaged in interstates commerce or who handled goods, materials or supplies which had travelled in interstate commerce." Doc. No. 1 at 1. Accordingly, it is recommended that Court find that Plaintiff has sufficiently pled enterprise coverage.

As to Durbin's status as an employer, the FLSA broadly defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Eleventh Circuit has held that "[t]he overwhelming weight of authority is

---

[2] In the Eleventh Circuit, unpublished decisions are persuasive but not binding authority.

that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (internal quotations omitted). The status as a corporate officer alone is insufficient to render an individual an "employer" under the FLSA. *Olivas v. A Little Havana Check Cash, Inc.*, 324 Fed.Appx. 839, 845 (11th Cir. 2009). Rather, "[t]o be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Wargo*, 803 F.2d at 638 (citing *Donovan v. Agnew*, 712 F.2d 1509, 1514 (1st Cir. 1983) ("[C]orporate officers with a significant ownership interest who had operational control of significant aspects of the corporation's day to day functions, including compensation of employees, and who personally made decisions to continue operations despite financial adversity during the period of nonpayment" were employers.).

Plaintiff alleges that Durbin is an employer as defined by the FLSA. Doc. No. 1 at 2. Plaintiff states that Durbin owned and operated SD, and regularly exercised the authority to: 1) hire and fire employees; 2) determine the employees' work schedules; and 3) control the finances of SD. Doc. No. 1 at 2. Thus, Plaintiff has sufficiently pled that Durbin is a corporate officer with operational control of the day-to-day operations of SD and that Durbin had direct responsibility over the supervision of the employees. Accordingly, it is recommended that Plaintiff has sufficiently pled employer liability under the FLSA so as to attach joint and several liability between Durbin and SD for any violations of the FLSA.

**B. Wages.**

A plaintiff may establish the necessary amount of damages by affidavit. *See* Rule 55(b), F.R.C.P. (2007). Additionally, an employer who willfully violates the provisions of the FLSA is

5

liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (2007). In his affidavit, Plaintiff states that he was employed by Defendant from March 2006 through July 2011. Doc. No. 15-1 at 2. Pursuant to 29 U.S.C. § 207(a)(1), Plaintiff was entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours during a work week. *Id.*[3] Plaintiff states that during the relevant time period, his regular rate of pay was $15.00 per hour, but he was not paid overtime for picking up and returning other employees to and from the job sites each day. Doc. No. 15-1 at 1. Plaintiff maintains that the Defendants willfully failed to pay Plaintiff 5 hours of overtime each week for 120 weeks ($112.50 per week x 120 weeks = $13,500). Doc. No. 15-1 at 3. Plaintiff also avers that Defendants failed to pay Plaintiff for his last two weeks of work, wherein Plaintiff states he worked 86 hours. Doc. No. 15-1 at 3. Thus, Plaintiff maintains that he is owed an additional $135.00 in unpaid overtime plus liquidated damages and $580.00 in unpaid minimum wages (80 hours x $7.25 per hour) plus liquidated damages for a total of $28,430.00. Doc. No. 15-1 at 3. Accordingly, it is recommended that the Court find Plaintiff as adequately established the amount of his damages.

**C. Attorneys' Fees.**

The Act mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "<u>in addition to</u> any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C.

---

[3] Section 207(a)(1) states:
> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce for a workweek longer than forty hours unless such employee receives compensations for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

§ 216(b) (emphasis added). In the Motion, Counsel for Plaintiff does not request any attorneys' fees. Doc. No. 15.

### D. Costs.

Rule 54(d), Federal Rules of Civil Procedure, provides that costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal statutes, the federal rules, or a court order provides otherwise. *Id.* In awarding costs, the Court is bound by the limitations set forth in 28 U.S.C. §§ 1821 and 1920 unless a statute or contract specifically authorizes taxation for such costs. Plaintiff seeks costs in the amount of $460.00 for the filing fee ($350.00) and costs of service of process ($110.00). Doc. No. 15-2 at 2. The filing fee and the costs of service of process are allowable under the statutes to the extent reasonable. *See* 28 U.S.C. § 1920; *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). Accordingly, it is recommended that the Court find that the total costs sought ($460.00) are recoverable.

## III. <u>CONCLUSION</u>.

Therefore, it is **RECOMMENDED** that:

1. Plaintiff's Motion (Doc. No. 15) be **GRANTED**;
2. The Court enter judgment for Plaintiff and against the Defendants, jointly and severally, in the total amount of $28,890.00, which includes: $27,270.00 in unpaid overtime compensation and liquidated damages; $1,160.00 in unpaid minimum wages and liquidated damages; and $460.00 in costs; and
3. The Court direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 13, 2012.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Presiding District Judge
Counsel of Record
Unrepresented Party